

# In the United States Court of Federal Claims

No. 17-92L
Filed: June 15, 2017

**FILED**

JUN 1 5 2017

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LORI SAXON,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

28 U.S.C. § 1491 (Tucker Act
    Jurisdiction);
Rules of the United States Court of
    Federal Claims ("RCFC")
    12(b)(1) (Subject Matter
    Jurisdiction);
RCFC 12(b)(6) (Failure to State a
    Claim Upon Which Relief Can
    Be Granted);
*Pro se*.

**Lori Saxon,** Washington, D.C., *pro se*.

**Sarah Izfar,** United States Department of Justice, Environment & Natural Resources Division, Washington, D.C., Counsel for the Government.

### FINAL MEMORANDUM OPINION AND ORDER GRANTING
### THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Chief Judge*.

## I.    RELEVANT FACTUAL BACKGROUND.[1]

On September 27, 2013, Ameritas Life Insurance Corp. ("Ameritas") filed a Complaint against Ms. Lori Saxon in the Superior Court of the District of Columbia, alleging that Ameritas was entitled to foreclose on Ms. Saxon's property. Compl. at 2 (citing *Ameritas Life Ins. Corp. v. Saxon*, No. 2013 CA 006610 R(RP) (D.C. Sup. Ct. Sept. 27)).

On January 14, 2015, Ms. Saxon attempted to remove the September 27, 2013 foreclosure case to the United States District Court for the District of Columbia. Compl. Ex. 1 at 1 (citing *Ameritas Life Ins. Corp. v. Saxon*, No. 15-cv-54 (D.D.C. Jan. 14, 2015)). On January 20, 2015, the United States District Court for the District of Columbia remanded the September 27, 2013

---

[1] The relevant facts discussed herein were derived from the January 18, 2017 Complaint ("Compl.") and the Exhibit ("Ex.1") attached thereto.

foreclosure case to the Superior Court of the District of Columbia. *See Ameritas Life Ins. Corp. v. Saxon*, No. 1:15-cv-54 (D.D.C. Jan. 20, 2015).

On February 11, 2015, Ms. Saxon appealed the district court's remand decision to the United States Court of Appeals for the District of Columbia. Compl. Ex. 1 at 1 (citing *Ameritas Life Ins. Corp. v. Saxon*, No. 15-7015 (D.C. Cir. Feb. 11, 2015)). On November 6, 2015, the appeals court affirmed the district court's decision. *Ameritas Life Ins. Corp. v. Saxon*, No. 15-7015 (D.C. Cir. Nov. 6, 2015).

On March 10, 2016, Ms. Saxon again attempted to remove the September 27, 2013 foreclosure case to the United States District Court for the District of Columbia. Compl. Ex. 1 at 1 (citing *Ameritas Life Ins. Corp. v. Saxon*, No. 1:16-cv-477 (D.D.C. Mar. 10, 2016)). On September 22, 2016, the district court remanded the case to the Superior Court of the District of Columbia for the second time. *See Ameritas Life Ins. Corp. v. Saxon*, No. 1:16-cv-477 (D.D.C. Supt. 22, 2016). To date, the Superior Court of the District of Columbia has not rendered a decision in *Ameritas Life Ins. Corp. v. Saxon*, No. 2013 CA 006610 R(RP).

## II.   PROCEDURAL HISTORY.

On January 18, 2017, Ms. Saxon ("Plaintiff") filed a Complaint in the United States Court of Federal Claims, alleging that: (1) Plaintiff is entitled to transfer of the September 27, 2017 foreclosure case pending before the Superior Court of the District of Columbia to the United States Court of Federal Claims, Compl. at 14; (2) the Superior Court of the District of Columbia judge who adjudicated the September 27, 2017 foreclosure case violated the Hobbs Act, 18 U.S.C. § 1951,[2] by conspiring with opposing counsel and other members of the "Judicial Foreclosure working group" to deprive Plaintiff of her property, Compl. at 10–14; and (3) the Superior Court of the District of Columbia violated Plaintiff's Fifth Amendment Due Process rights, Compl. at 3. On January 18, 2017, Plaintiff also filed a Motion For Leave To Proceed *In Forma Pauperis* that the court granted on May 18, 2017. ECF Nos. 3, 8.

On March 17, 2017, the Government filed a Motion To Dismiss the January 18, 2017 Complaint ("Gov't Mot."), pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6). ECF No. 5. On April 20, 2017, Plaintiff filed a Response ("Pl. Resp."). ECF No. 6. On May 8, 2017, the Government filed a Reply ("Gov't Reply"). ECF No. 7.

---

[2] The Hobbs Act provides that,

[w]hoever in any way or degree obstructs, delays, or affects commerce . . . , by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951.

## III.   DISCUSSION.

### A.   Relevant Legal Standards.

#### 1.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

#### 2.   Standard Of Review For A Motion To Dismiss, Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [RCFC] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

#### 3.   Standard Of Review For A Motion To Dismiss, Pursuant To RCFC 12(b)(6).

A claim is subject to dismissal under RCFC 12(b)(6), if it does not provide a basis for the court to grant relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("[A well-

3

pleaded complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations omitted)); *see also Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy.").

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Twombly*, 550 U.S. at 570). The allegations contained in a complaint also must indicate to the court that there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To determine whether a complaint states a plausible claim for relief, a court must engage in a context-specific analysis and "draw on its judicial experience and common sense." *Id.* at 678–79. The court, however, must construe the allegations in the complaint in the light most favorable to the plaintiff. *See Henke*, 60 F.3d at 797.

### 4.      Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). The court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969).

### B.      The Government's March 17, 2017 Motion To Dismiss, Pursuant To RCFC 12(b)(1) and 12(b)(6).

#### 1.      The Government's Argument.

The Government reads the January 18, 2017 Complaint to allege that the Superior Court of the District of Columbia engaged in a "criminal enterprise" violating the Hobbs Act and Plaintiff's right to due process. Gov't Mot. at 2, 5–7. The court, however, does not have jurisdiction to adjudicate Plaintiff's Hobbs Act claim, because the Hobbs Act is a criminal statute. Gov't Mot. at 5–6. The Government also argues that the court does not have jurisdiction to adjudicate the January 18, 2017 Complaint's due process claims, because "the Due Process Clause is not money mandating in suits against the United States." Gov't Mot. at 6–7.

In the alternative, the Government argues that the January 18, 2017 Compliant should be dismissed for failure to state a claim upon which relief can be granted. Gov't Mot. at 9. Recognizing that a *pro se* plaintiff is "held to a less stringent standard than litigants represented by counsel," the Government adds "a cause of action must nonetheless be 'somewhere displayed' in the pleadings." Gov't Mot. at 9 (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*)). Even liberally construed, the January 18, 2017 Complaint does not allege facts stating a claim that is plausible on its face or identify any cause of action against the United States; instead, the January

18, 2017 Complaint is "simply a lengthy string of confusing factual allegations and recitation of inapplicable rules." Gov't Mot. at 9.

### 2.    The Plaintiff's Response.

Plaintiff responds that the Government's motion is "nothing but lazy boiler plate and a standard response" and "should not be considered by this court," because the Government obtains a 96% dismissal rate against *pro se* litigants for such "pre packaged boiler plate pleadings." Pl. Resp. at 3.  In addition, Plaintiff argues that she is entitled to: (1) transfer the September 27, 2013 foreclosure case to the United States Court of Federal Claims; and (2) damages for violation of her First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendment rights.  Pl. Resp. at 1–2. Specifically, Plaintiff was deprived of due process, because several judges of the Superior Court of the District of Columbia met with opposing counsel in the September 27, 2013 case, without Plaintiff's knowledge. Pl. Resp. at 4–7.  This conduct constituted "unfair and deceptive practices against the Plaintiff," and was "fraud upon the court." Pl. Resp. at 7–8 (quoting *Kenner v. C.I.R.*, 387 F.2d 689, 691 (1968)).

Plaintiff adds that the Government's contention that the court does not have jurisdiction to adjudicate Hobbs Act claims "is not supported by the written Constitution and the published laws of the United States." Pl. Resp. at 9.

Moreover, Plaintiff raises a Takings Clause claim under the Fifth Amendment, that was not included in the January 18, 2017 Complaint, alleging that the Superior Court of the District of Columbia improperly foreclosed on Plaintiff's property. Pl. Resp. at 9.

### 3.    The Government's Reply.

The Government replies that the First Amendment, Fourth Amendment, Fifth Amendment Due Process Clause, Sixth Amendment, Seventh Amendment, and Fourteenth Amendment to the United States Constitution are not money-mandating.  Gov't Reply at 2.  Accordingly, the court does not have jurisdiction to adjudicate any claim arising out of those provisions under the Tucker Act.  Gov't Reply at 2 (citing *McCauley v. United States*, 38 Fed. Cl. 250, 266 (1997), *order aff'd*, 152 F.3d 948 (Fed. Cir. 1998)).

Nor does the court have jurisdiction to adjudicate the Fifth Amendment Takings Clause claim raised for the first time in Plaintiff's April 20, 2017 Response. Gov't Reply at 4.  That claim alleges that the Superior Court of the District of Columbia's grant of a judicial foreclosure constituted a Fifth Amendment taking.  Gov't Reply at 4.  But, the United States Court of Appeals for the Federal Circuit "has held that this Court 'lacks jurisdiction over judicial takings claims that require the court to scrutinize the decisions of other tribunals for the same plaintiff given the same set of facts.'" Gov't Reply at 4 (citing *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) ("'the [United States] Court of Federal Claims does not have jurisdiction to review the decision of district courts' and 'cannot entertain a taking[s] claims that requires the court to scrutinize the actions of another tribunal.'" (quoting *Vereda, Ltda.v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)).

### 4.    The Court's Resolution.

"[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]" *Todd*, 386 F.3d at 1094. In determining whether a plaintiff properly identifies a separate substantive right for money damages, the court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a "*pro se* document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983).

To the extent that the January 18, 2017 Complaint seeks to re-litigate the September 27, 2013 foreclosure case in the United States Court of Federal Claims, the court does not have jurisdiction to do so, because that case is between two private entities. *See* 28 U.S.C. § 1491 (a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States."); *see also* RCFC 10(a) (requiring that the United States be designated as the party defendant in every case); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States . . . , [not] any other individual.").

Nor does the court have jurisdiction to adjudicate the January 18, 2017 Complaint's Hobbs Act claim, because the Hobbs Act is a criminal statute under United States Title 18, Crimes and Criminal Procedure. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [United States Court of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . .").

Plaintiff's April 20, 2017 Response alleges that the Superior Court of the District of Columbia's decision in the September 27, 2013 foreclosure case constituted a Fifth Amendment taking, but adjudicating that claim would require the court to review the superior court's decision. Although the Takings Clause of the Fifth Amendment is a money-mandating provision under the Tucker Act, the United States Court of Appeals for the Federal Circuit has held that the United States Court of Federal Claims does not have jurisdiction to adjudicate any claim that "requires the court to scrutinize the actions of another tribunal." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015); *see also Innovair Aviation Ltd.*, 632 F.3d at 1344 ("[T]he Court of Federal Claims 'cannot entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal.'" (*Vereda*, 271 F.3d at 1375)). Therefore, the court does not have jurisdiction to adjudicate Plaintiff's takings claim.

In addition, the United States Court of Federal Claims does not have jurisdiction to adjudicate the January 18, 2017 Complaint's Due Process claims under the Fifth and Fourteenth Amendments, because those provisions are not money-mandating. *See Leblanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments are not "a sufficient basis for jurisdiction[,] because they do not mandate payment by the Government"). Similarly, the court does not have jurisdiction to adjudicate the January 18, 2017 Complaint's First, Fourth, Sixth, and Seventh Amendment claims, because those provisions are not money-mandating either. *See Omran v. United States*, 629 Fed. App'x. 1005, 1008 (Fed. Cir. 2015) ("The Sixth Amendment does not itself create a right to recover money damages."); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("[T]he Fourth Amendment does not mandate the payment of money for its violation."); *United States v. Connolly*,

716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he literal terms of the [F]irst [A]mendment neither explicitly nor implicitly obligate the federal government to pay damages."); *Fullard v. United States*, 77 Fed. Cl. 226, 230 (2007) ("[T]he Seventh Amendment's guarantee of a right to trial by jury is not money-mandating.").

Accordingly, the court has determined that it does not have jurisdiction to adjudicate any of the claims alleged in the January 18, 2017 Complaint.

## IV.    CONCLUSION.

For these reasons, the Government's March 17, 2017 Motion To Dismiss is granted. *See* RCFC 12(b)(1). The Government's alternative Motion To Dismiss, pursuant to RCFC 12(b)(6), is moot. Accordingly, the Clerk is directed to dismiss the January 18, 2017 Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Chief Judge**

7